I respectfully dissent.
While I agree that the initial stop was valid, I strongly disagree that Officer Martinez articulated a reasonable suspicion that Jordan was armed, and thus the police had no right to perform a protective search/pat-down for weapons. At the suppression hearing, the following exchange took place between the prosecutor and Officer Martinez concerning his reasons for frisking Jordan:
 Q: Okay. And when you got to the house and you approached the Defendant is that correct?
A: Yes, ma'am.
Q: What happened at that time?
 A: I explained to him that we had received a call for a black male selling drugs from that porch, and driving that vehicle. And I asked him whose vehicle that was, and he said it was his vehicle.
Q: And at that time what did you do?
 A: We asked him to step off the porch so that we could check him for weapons, ma'am.
 Q: Okay. And in that area and in your experience dealing with drug activity, is it common for someone to have weapons on them?
A: Yes, ma'am.
 Q: Would that cause you to have a heightened sense of alertness with regards to where a weapon is?
A: Yes, ma'am.
 Q: Are you also suggesting that there is a pat-down search because you have a fear for your safety at that time?
A: Yes, ma'am.
 Q: Okay. And were you, in fact, fearful that he may have a weapon at that time?
A: Yes, ma'am. (Tr. 10-11).
From this dialogue, I do not find that Officer Martinez articulated a reasonable suspicion that Jordan was armed. The prosecutor articulated several factors that she felt would support the officer's action. However, the facts demonstrate that Jordan stayed on the porch until the police asked him to step down so they could check him for weapons. He answered the officer's question about his car. He made no furtive gestures nor any attempt to flee. The police were not responding to a radio dispatch for a robbery, homicide, or shots being fired. And Jordan did not appear to be armed. He fully cooperated with the police investigation.
The majority relies in part on the flight of the other male to justify the pat-down search of Jordan. However, I fail to see how the actions of another individual whom the police made no effort to pursue justifies the pat-down of the cooperative companion under the facts presented in this case.
The U.S. Supreme Court has held that mere proximity to others independently suspected of criminal activity does not, without more, provide a sufficient basis to search that person. Ybarra v. Illinois (1979), 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 245. Rather, probable cause to search or seize a person must be supported by probable cause particularized with respect to that person. Id. I would suggest that the same principle should apply to a Terry frisk/pat-down for weapons.
Accordingly, I would reverse the trial court's denial of the motion to suppress.